IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN THE MATTER OF THE<br>COMPLAINT OF STEPHEN WILLIS<br>AS OWNER OF A<br>1987 CHRIS CRAFT CATALINA 381<br>(HULL I.D. CCNEJ381K687)<br>FOR EXONERATION FROM OR<br>LIMITATION OF LIABILITY | *<br><br>*<br><br>*     Civil Action No. _____ |

## VERIFIED COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY

COMES NOW Plaintiff, Stephen Willis, as owner of the 1987 Chris Craft Catalina 381 bearing hull identification number CCNEJ381K687 (the "Vessel"), by his undersigned attorneys, pursuant to 46 U.S.C. § 30501-30512 and Rule F of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Claims, and hereby petitions this Court for exoneration from or, in the alternative, limitation of liability to the value of the interest of Plaintiff in said Vessel for all claims arising out of an incident involving the Vessel that occurred on or about December 11, 2017 at the Charlestown Marina in Charlestown, Maryland, and as grounds therefore states:

1. This is an admiralty or maritime claim within the meaning of Federal Rule of Civil Procedure 9(h) and 28 U.S.C. § 1333.

2. Venue is proper in this District pursuant to Rule F(9) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Claims, in that the Vessel has not been arrested or attached, no actions have been filed with respect to the claims referred to herein, and the remains of the Vessel are within this District at McDaniel Yacht Basin in North East, Maryland.

3. This Complaint is timely filed within six (6) months of the first written

notice of a potential claim against Plaintiff.

4. The events, acts, and circumstances giving rise to this action occurred on the navigable waters of the United States during traditional maritime activity.

5. At all times material hereto, Plaintiff Stephen Willis was a resident of the State of Maryland and the owner of the Vessel, a 38' Chris Craft Catalina 381 built in 1987.

6. At all times material hereto, the Vessel was docked at the Charlestown Marina located in Charlestown, Maryland located on the North East River.

7. The Vessel has always been used as a recreational motor vessel and has never been known to carry passengers or freight for hire. Therefore, there are no outstanding amounts due for freight or hire.

8. On December 11, 2017, the Vessel was moored in a wet slip when a fire occurred at the Charlestown Marina.

9. The Vessel was totally consumed by fire and ultimately submerged in her berth.

10. Upon information and belief, flames, heat and smoke from the fire allegedly came into contact with and damaged the Marina property as well as a 1987 Pacemaker 38' owned by Terry Buckwalter, a 1983 Gulf Star 38 owned by Mark Stevenson, 1986 Chris Craft 38 owned by Mr. Jim Feinineer and a 1998 Carver 36 owned by Candace Lightman.

11. Investigation into the cause and origin of the fire has indicated that the fire may have originated on the Vessel. The specific cause of the fire has not been determined.

12. Prior to the fire and the incident described above, and at all times, Plaintiff exercised due diligence to make and maintain the Vessel in all respects seaworthy and the Vessel was in fact staunch, strong, properly equipped, properly maintained, and in all respects seaworthy and fit and proper for use.

13. Upon information and belief, at the present time, demands, claims or notices of loss have been presented by the following:

    A.    GEICO Marine Insurance Company, insurer for Terry Buckwalter
Amount of claim: $115,000

    B.    GEICO Marine Insurance Company, insurer for Mark Stevenson
Amount of claim: $35,000

    C.    Ace American Insurance Company/Chubb North American Claims, insurer Candace Lightman
Amount of claim: $2,883.62

    D.    Jim Feinineer
Amount of claim: unknown

14. In addition to the above, Plaintiff expects that other claims or demands may be asserted, or suits, actions or proceedings may be brought against Plaintiff by other parties who may claim to have sustained loss, damage or injury as a result of the incidents and occurrences described above.

15. Plaintiff avers that the Vessel was a total loss, and following the fire on December 11, 2017, had no remaining salvage or other value. *See* Affidavit of Steve Mason, attached hereto as Exhibit A.

16. The full extent of the pecuniary loss and damage resulting from the casualty is not yet known. However, Plaintiff anticipates that the total amount of the claims that have been or will be asserted as a result of the fire will exceed the value of the

Vessel following the incident (which was zero).

17. The fire and incidents referred to above, and any loss, damage, injury, and destruction resulting therefrom occurred without the privity or knowledge of Plaintiff, and were not caused or contributed to by any fault or negligence or unseaworthiness on the part of the Vessel or those in charge of her, or of Plaintiff, or of anyone else for whose acts or omissions Plaintiff may be responsible.

18. The damage sustained during the incident on or about December 11, 2017 occurred without the privity or knowledge of the Plaintiff.

19. Plaintiff demands exoneration from liability, or in the alternative, the limitation of liability provided by 46 U.S.C. §30501-30512 for any loss, damage, injury or destruction arising out of the casualty, and incidents described above.

20. Plaintiff offers and files with the Court an *Ad Interim* Stipulation for Value and Costs, attached as Exhibit B, in the amount of $1,200.00 representing the value of the Vessel following the fire and incidents referred to above (zero), plus security for costs in the amount of $1,000.00 and a sufficient amount toward interest that will accrue while this action is pending at the rate of 6% per annum (estimated not to exceed $200.00). If any claimant should by motion demand an increase in the amount of the security and if the Court should find after due appraisement that the security provided is insufficient, Plaintiff is ready and willing to file when and if so ordered, a further bond or stipulation for value or other approved security pursuant to Rule F(1) of the Supplemental Rules, plus costs.

WHEREFORE, Plaintiff Stephen Willis prays:

a. That the Court enter an Order permitting Plaintiff to file the *Ad Interim*

Stipulation for Value and Costs to be continued in full force and effect until the value of the Vessel might be more fully determined by due appraisal ordered by the Court, if requested, in which event Plaintiff shall pay into the Court any additional amount or provide additional or superseding security applicable to the Court sufficient fully to cover such appraisal;

      b.      That the Court enter an Order directing that a Notice be issued pursuant to Supplemental Rule F(4) to all persons or entities claiming loss, damage, injury or destruction occasioned or incurred by or in any way relating to the casualty hereinabove described, admonishing them to file their claim with the Clerk of this Court and to serve on the attorneys for Plaintiff a copy thereof on or before a date to be named in the Notice;

      c.      That this Court enter an Order restraining the further prosecution of any and all suits, actions and proceedings which may have been commenced in any court whatsoever to recover damages for any and all loss, damage, injury or destruction occasioned or incurred by or in any way relating to the casualty hereinabove described against Plaintiff and/or the Vessel;

      d.      That this Court adjudge that the Plaintiff and the Vessel are not liable for any loss, injury, expense or damage or claim whatsoever in consequence of the casualty, or, in the alternative, that if such liability ever existed that it be limited to the value of the Plaintiff's interest in the Vessel following the casualty.

      e.      And for such other and further relief as the justice of the cause may require.

Dated this 4th day of June, 2018.

                                      By:         /s/
                                                 Steven E. Leder (Bar. No. 00377)
                                                 Julie F. Maloney (Bar No. 26252)
                                                 Leder & Hale PC
                                                 401 Washington Avenue
                                                 Suite 600
                                                 Baltimore, Maryland 21204
                                                 Phone: (443) 279-2900
                                                 Facsimile: (410) 832-8883
                                                 leder@lederhale.com
                                                 maloney@lederhale.com

                                                 *Attorneys for Plaintiff Stephen Willis*

## VERIFICATION IN ACCORDANCE WITH 28 U.S.C. §1746

I, Stephen Willis, am the former owner of the 1987 Chris Craft Catalina 381 bearing hull identification number CCNEJ381K687 and was the owner at the time of the fire and other incidents referred to in the foregoing Verified Complaint. I have read the foregoing Verified Complaint and know the contents therefore and the same are true to my knowledge, except as to matters stated therein upon information and belief, and as to those matters, I believe them to be true. The sources of my information and the grounds of belief as to all matters not stated in the Complaint to be alleged upon my personal knowledge are reports made to me by my insurer, my attorneys, and their representatives.

As provided by 28 U.S.C. §1746(2), I declare under the penalty of perjury that the foregoing is true and correct.

Executed this 24th day of May, 2018.

_____
Stephen Willis